# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-61006
Summary Calendar

EDWARD ARMBRUSTER

Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent - Appellee

Appeal from United States Tax Court,
Internal Revenue Service
No. 26355-07

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Edward Armbruster failed to file his 2005 tax return. He appeals *pro se* the decision of the United States Tax Court granting the Government's motion for judgment on the pleadings and assessing his tax deficiency at $21,322 with additional penalties totaling $7,465. Even though we construe Armbruster's

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pleadings and arguments liberally, *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007), he failed to argue below any of the issues he raises on appeal.

Armbruster's appeal presents three arguments, none of which were presented to the Tax Court, where he also proceeded *pro se*. Armbruster's response to the Government's motion for judgment on the pleadings did not contain any argument why the Government's calculation of a deficiency was incorrect factually or as a matter of law. Instead, he accused the Government's attorneys of violating ethical rules and asserted merely that he had "assigned error" to the Government's assessment of a deficiency. Such a general assertion, devoid of any factual or legal argument, even from a *pro se* party, will not preserve an argument on appeal. *See Stearman v. Comm'r*, 436 F.3d 533, 537 (5th Cir. 2006) (affirming a dismissal of a *pro se* tax complaint for failure to raise arguments below in response to the government's motion to dismiss). The only other pleading in the record, Armbruster's petition for determination of a deficiency, asserts two frivolous arguments that he has abandoned on appeal. Arguments raised for the first time on appeal are waived. *See Yohey v. Collins*, 985 F.2d 222, 225, 227 (5th Cir. 1993) (declining to consider issue raised for the first time on appeal by a *pro se* appellant). Accordingly, the judgment of the tax court is AFFIRMED.